HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD.; MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA; MSIG INSURANCE & ADJUSTING (THAILAND) CO., LTD.; MITSUI SUMITOMO INSURANCE COMPANY (SINGAPORE) PTE., LTD.; MSIG INSURANCE (HONG KONG) LIMITED; MITSUI SUMITOMO INSURANCE (CHINA) COMPANY, LIMITED<br><br>Plaintiffs,<br><br>vs.<br><br>SPECTRUM BRANDS, INC.; JOHN DOE D/B/A RAYOVAC; JOHN DOE II; DHL GLOBAL FORWARDING (HONG KONG) LIMITED; and DHL ISC (HONG KONG) LIMITED<br><br>Defendants. | IN ADMIRALTY<br><br>Case No. C09-1738 RAJ<br><br>AMENDED COMPLAINT |

Plaintiffs, through their undersigned counsel, allege:

1. Jurisdiction is proper in this case as it is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case arises under the

AMENDED COMPLAINT -1-

1  Carriage of Goods by Sea Act, 46 U.S.C. § 30701 (formerly codified at 46 U.S.C. § 1301 et. seq.), and the general maritime law, is and involves damage to ocean cargo transported aboard the S/S APL PERU from Asia to Seattle, Washington.

2.  Venue is appropriate in this case as the voyage at issue terminated in Seattle, Washington.

3.  Plaintiff Mitsui Sumitomo Insurance Co., Ltd. ("MSI") is and was at all times material a corporation organized and existing under the laws of Japan with its principal place of business in Japan. At all times material, MSI insured Nippon Seiki Co., Ltd. ("Nippon Seiki") pursuant to Policy No. 308-1000092623, and Nintendo of America, Inc. ("Nintendo") pursuant to Policy No. WOP 01545C. Pursuant to the terms of the aforementioned policies, MSI paid $44,457.33 to Nippon Seiki and $318,870.00 to Nintendo with respect to losses described herein and thereby became subrogated to the rights of Nippon Seiki and Nintendo to the extent of its payments.

4.  MSI insured various other entities as identified on Exhibit A hereto pursuant to the policies identified on Exhibit A with respect to certain cargo and/or containers aboard the S/S APL PERU during the subject voyage. Pursuant to the terms of the policies identified on Exhibit A (including the policies described above), MSI, on behalf of its assureds identified on Exhibit A (including Nippon Seiki and Nintendo) issued general average guarantees on the shipments and containers identified on Exhibit A in connection with the casualty described below.

5.  Plaintiff Mitsui Sumitomo Insurance Company of America ("MSI America") is and at all times material has been a corporation organized under the laws of the state of New York and its principal place of business is in New York, New York. At all times material, MSI America insured Yokowo Manufacturing of America, LLC ("Yokowo") pursuant to Policy No. OCM4000631. Pursuant to the terms of the aforementioned policy, MSI America paid

AMENDED COMPLAINT -2-

$18,101.12 to Yokowo with respect to losses described herein and thereby became subrogated to the rights of Yokowo to the extent of its payment.

6. MSI America, pursuant to the terms of the aforedescribed policy, on behalf of Yokowo, issued a general average guarantee for the shipment identified on Exhibit A in connection with the casualty described below.

7. Plaintiff MSIG Insurance & Adjusting (Thailand) Co., Ltd. ("MSI Thailand") is and was at all times material a corporation organized under the laws of Thailand and has its principal place of business in Thailand. MSI Thailand, pursuant to the policies identified on Exhibit A, insured the various entities identified on Exhibit A with respect to certain cargo aboard the S/S APL PERU during the subject voyage. Pursuant to the terms of the policies identified on Exhibit A, MSI Thailand, on behalf of its assureds identified on Exhibit A, issued general average guarantees for the shipments identified on Exhibit A in connection with the casualty described below.

8. Plaintiff Mitsui Sumitomo Insurance Company (Singapore) Pte., Ltd. ("MSI Singapore") is and was at all times material a corporation organized under the laws of Singapore and has its principal place of business in Singapore. MSI Singapore, pursuant to the policy identified on Exhibit A, insured Sony of Canada Ltd. ("Sony Canada") with respect to certain cargo aboard the S/S APL PERU during the subject voyage. Pursuant to said policy, MSI Singapore, on behalf of Sony Canada, issued general average guarantees for the shipments identified on Exhibit A in connection with the casualty described below.

9. Plaintiff MSIG Insurance (Hong Kong) Limited ("MSI Hong Kong") is and was at all times material a corporation organized under the laws of Hong Kong, China, and has its principal place of business in Hong Kong. MSI Hong Kong, pursuant to the policy identified on Exhibit A, insured Sony Canada with respect to certain cargo aboard the S/S APL PERU during the subject voyage. Pursuant to said policy, MSI Hong Kong, on behalf of Sony

AMENDED COMPLAINT -3-

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Canada, issued general average guarantees for the shipments identified on Exhibit A in connection with the casualty described below.

10. Plaintiff Mitsui Sumitomo Insurance (China) Company, Limited ("MSI China") is and was at all times material a corporation organized under the laws of China and has its principal place of business in China. MSI China, pursuant to the policy identified on Exhibit A, insured Huizhou Zhurun Wiring Systems Co., Ltd. and/or Sumitomo Wiring Systems, Inc. (collectively "Huizhou") with respect to certain cargo aboard the S/S APL PERU during the subject voyage. Pursuant to said policy, MSI China, on behalf of Huizhou, issued a general average guarantee for the shipments identified on Exhibit A in connection with the casualty described below.

11. Defendant Spectrum Brands, Inc. ("Spectrum") is believed to be a corporation organized under one of the United States. Spectrum Brands, Inc. imports and sells batteries under the brand name Rayovac.

12. Defendant DHL Global Forwarding (Hong Kong) Limited ("DHL Global"), on information and belief, is an entity of unknown organization with an office in Hong Kong at 21/F., Tower 5, China, Hong Kong City, 33 Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong. DHL Global holds itself out to the public as an entity that assists with the transportation of goods to the United States. On information and belief, plaintiffs allege that DHL Global was acting on behalf of Spectrum, John Doe d/b/a Rayovac and/or John Doe II with respect to the shipment of container APLU 9087454.

13. Defendant DHL ISC (Hong Kong) Limited ("DHL ISC"), on information and belief, is an entity of unknown organization with an office in Hong Kong at 21/F., Tower 5, China, Hong Kong City, 33 Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong. DHL ISC holds itself out to the public as an entity that assists with the transportation of goods to the United States. DHL ISC is identified as the shipper on bill of lading APLU 052671163 issued

AMENDED COMPLAINT -4-

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1  by APL for the transport of certain containers of goods, including container APLU 9087454,
2  from Yantian, China to Seattle, Washington in or about September and October 2008.

3  14.   On information and belief, plaintiffs allege that DHL ISC was acting on behalf
4  of Spectrum, John Doe d/b/a Rayovac and/or John Doe II with respect to the shipment of
5  container APLU 9087454.

6  15.   Plaintiffs believe and therefore allege that one or more of the defendants was
7  the shipper and/or owner of a shipment of Rayovac batteries which were loaded into container
8  APLU 9087454. When plaintiffs learn the identity of any such John Doe defendants, an
9  amended pleading will be filed to identify the entities properly.

10  16.   On or about September 28, 2008, container APLU 9087454, with Rayovac
11  brand batteries stowed within, was loaded onto the S/S APL PERU in Yantian, China, pursuant
12  to bill of lading APLU 052671163 issued by APL, for transport across the Pacific Ocean to
13  Seattle, Washington.

14  17.   On or about October 5, 2008, while the S/S APL PERU was at sea en route to
15  Seattle, Washington, a fire was detected by the crew in Hold No. 5 of the vessel. That fire
16  continued and was still in progress when the S/S APL PERU arrived in Seattle on October 9,
17  2008. After the hatch of Hold No. 5 was opened, it was learned that the goods in many
18  containers within that hold had been damaged by fire, heat, water, and/or smoke resulting from
19  the fire and the efforts to extinguish the fire. As a consequence of the casualty, the owner of
20  the S/S APL PERU declared general average, thereby necessitating that plaintiffs issue general
21  average guarantees on behalf of their respective assureds to effect the release and delivery of
22  the cargo on board that was the subject of the insurance policies identified on Exhibit A.

23  18.   Subsequent investigation established that the fire in Hold No. 5 of the S/S APL
24  PERU described above was caused by ignition of the Rayovac batteries within container
25  APLU 9087454.

AMENDED COMPLAINT -5-

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

19. Nippon Seiki was the shipper of goods stowed in container no. HDMU 5471197 transported aboard the S/S APL PERU in Hold No. 5 on the voyage which terminated in Seattle on October 9, 2008. Said goods were damaged as a direct and proximate result of the fire in the hold and/or its aftermath, in an amount to be proven at trial.

20. Nintendo was the ultimate consignee of goods stowed in containers nos. CAXU 460435-8, CRXU 408241-1 and MOFU 060366-3 transported aboard the S/S APL PERU in Hold No. 5 on the voyage which terminated in Seattle on October 9, 2008. Said goods were damaged as a direct and proximate result of the fire in the hold and/or its aftermath, in an amount to be proven at trial.

21. Yokowo was the ultimate consignee of goods stowed in container no. HDMU 5471197 transported aboard the S/S APL PERU in Hold No. 5 on the voyage which terminated in Seattle on October 9, 2008. Said goods were damaged as a direct and proximate result of the fire in the hold and/or its aftermath, in an amount to be proven at trial.

22. The Carriage of Goods by Sea Act, 46 U.S.C. § 30701 (formerly codified at 46 U.S.C. § 1301 et. seq.), contains two sections with respect to the obligations of shippers of cargo. Section 4(3) provides that the shipper shall be liable for loss or damage arising out of an "act, fault, or neglect of the shipper, his agents, or his servants." Section 4(6) provides that the shipper of "goods of an inflammable, explosive, or dangerous nature ... shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment."

23. Batteries of the type which defendants shipped and which caused the fire in Hold No. 5 are "inflammable, explosive, or dangerous" within the meaning of 46 U.S.C. § 30701, Section 4(6).

24. Their inflammable, explosive or dangerous nature is demonstrated by the fire aboard the S/S APL PERU on or about October 5, 2008, as well as by previous fires on other container vessels caused by ocean and/or explosion of batteries shipped within containers. Defendants had a duty to properly stow the subject battery cargo within the container to ensure

AMENDED COMPLAINT -6-

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

1  its safe transit, but failed to do so. Defendants, furthermore, had a duty to warn the ocean
2  carrier of the batteries' inherent dangers, but failed to do so.

3      25.    Defendants by their own acts and/or omissions and/or the acts and/or omissions
4  of their respective agents or servants, were negligent with respect to the stowage of their
5  batteries within container APLU 9087454 and their failure to warn the ocean carrier of the
6  batteries' inherent dangers, and are liable for any and all damages incurred by plaintiffs,
7  including any and all sums plaintiffs ultimately are adjudged to have to pay as general average
8  contributions, proximately caused by their negligence.

9      26.    In the alternative, as a result of the "inflammable, explosive, or dangerous"
10  nature of the batteries within container APLU 9087454, defendants are strictly liable under
11  COGSA for any and all damages incurred by plaintiffs, including any and all sums plaintiffs
12  ultimately are adjudged to have to pay as general average contributions, directly or indirectly
13  arising out of the subject battery shipment.

14  WHEREFORE, plaintiffs pray for judgment against defendants severally and jointly as
15  follows:

16      1.    For judgment in an amount to be proven at trial;
17      2.    Prejudgment interest;
18      3.    Plaintiffs' fees and costs herein; and
19      4.    For such other and further relief as this court may deem just and equitable.
20  Dated this 17th day of December, 2009.

21      DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

22
23  By   /s/ Michelle Buhler
    Michelle Buhler, WSBA #16235
24      Attorneys for Plaintiffs
25

AMENDED COMPLAINT -7-

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**EXHIBIT A**

## EXHIBIT A

*Mitsui Sumitomo Ins. Co., et al. v. Spectrum Brands, Inc., et al.APL PERU*

| Insured | Assured | Policy No. | B/L No. | B/L Issuer | Invoice Value | C/F (or Insured Amount) | |
|---|---|---|---|---|---|---|---|
| MSI Japan | Nintendo | WOP01545C | MOLU458301591 | MOL | 672,000.00 | US$ | 672,000.00 |
| | | | MOLU458301556 | MOL | 23,443,380.00 | US$ | 23,443,380.00 |
| | | | MOLU458329830 | MOL | 18,019,968.00 | US$ | 18,019,968.00 |
| MSI Japan | Sanyo | 308-SDSS000950 | 6711058959 | Expeditors Int'l | 33,637.90 | US$ | 33,637.90 |
| MSI Japan | Casio America, Inc. | O/P 276475 | PNWB0019734 | Hyundai Merchant | 108,212.00 | US$ | 112,284.00 |
| MSI Japan | Sharp | H97-151421 | MOLU458331249 | MOL | $105,685.22 (C&I) | US$ | 109,718.50 |
| MSI Japan | Yamaha Corp. | 308-KK08KBA200 | APLU073674885 | APL | 56,746.53 | C$ | 56,745.53 |
| | | | APLU073657815 | APL | 32,818.77 | C$ | 32,818.77 |
| | | | APLU073674832 | APL | 98,728.94 | C$ | 98,728.94 |
| | | | APLU073674618 | APL | 47,382.48 | C$ | 47,382.48 |
| | | | APLU073657808 | APL | 42,566.15 | C$ | 42,566.15 |
| | | | APLU073674750 | APL | 92,676.79 | C$ | 92,676.79 |
| | | | APLU073657812 | APL | 42,087.44 | C$ | 42,087.44 |
| | | | MOLU535462124 | MOL | 402,475.47 | C$ | 402,475.47 |
| MSI Japan | Nippo Seiki | 91-5157102 | HHKGCHI08091874 | Dynamic Container Line | 40,415.76 | US$ | 44,457.34 |
| MSI Japan | Sony of Canada Ltd. | 89-420153 | PENP0809001299 | CRSA Logistics Ltd. | 92,287.88 | US$ | 101,516.67 |
| MSI Japan | Mitsui OSK Lines | 308-1200000219 | N/A | N/A | 1,055,533.00 | US$ | N/A |
| MSI Thailand | Ajinomoto Thailand | BKD/CEXP/08-126038 | BMI185571 | LEO | 277,140.00 | US$ | 277,140.00 |
| MSI Thailand | Mitsui Siam Component | BKD/CEXP/08- | MTLJ080936 | TRINET | | | 499,695.67 |

1 of 3

| Insured | Assured | Policy No. | B/L No. | B/L Issuer | Invoice Value | CIF | CIF (w/Insured Amount) |
|---|---|---|---|---|---|---|---|
| | | 126300 | | | 499,695.67 | US$ | |
| MSI Thailand | American Honda Motor Company, Inc. | BK93-1003 | APLU027710321 | APL | 151,355.25 | US$ | 151,355.25 |
| | | | APLU027710327 | APL | 113,560.96 | US$ | 113,560.96 |
| | | | APLU027710320 | APL | 161,561.00 | US$ | 161,561.00 |
| MSI America | Yokowa Manufacturing of America, LLC | OCM40000631 | HHKGCHI08091781 | Dynamic Container Line | 16,163.04 | US$ | 16,321.43 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001290 | CRSA Logistics Ltd. | 72,268.15 | US$ | 79,494.97 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001291 | CRSA Logistics Ltd. | 4,506.12 | US$ | 4,956.73 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001292 | CRSA Logistics Ltd. | 132,712.32 | US$ | 145,983.55 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001293 | CRSA Logistics Ltd. | 132,712.32 | US$ | 145,983.55 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001294 | CRSA Logistics Ltd. | 92,368.11 | US$ | 101,604.92 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001295 | CRSA Logistics Ltd. | 196,482.00 | US$ | 216,130.20 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001296 | CRSA Logistics Ltd. | 419,142.00 | US$ | 461,056.20 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001297 | CRSA Logistics Ltd. | 51,639.50 | US$ | 56,803.45 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PENP0809001298 | CRSA Logistics Ltd. | 49,372.40 | US$ | 54,309.64 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PKGP0809000894 | CRSA Logistics Ltd. | 261.08 | US$ | 287.19 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PKGP0809000896 | CRSA Logistics Ltd. | 302,465.30 | US$ | 332,711.83 |
| MSI Spore | Sony of Canada Ltd. | RMA/OP/96-049 | PKGP0809000901 | CRSA Logistics Ltd. | 275,074.80 | US$ | 302,582.28 |

2 of 3

| Insurer | Assured | Policy No. | B/L No. | Carrier | Invoice Value | | CIF (or Insured Amount) | |
|---|---|---|---|---|---|---|---|---|
| MSI Singapore | Sony of Canada Ltd. | RMA/OP/96-049 | SGNP0809001456 | CRSA Logistics Ltd. | 242.64 | US$ | 266.90 | US$ |
| MSI Hong Kong | Sony of Canada Ltd. | CA00000102 | YTNV080901504 | CRSA Logistics Ltd. | 102,128.22 | US$ | 112,341.04 | US$ |
| MSI Hong Kong | Sony of Canada Ltd. | CA00000102 | YTNV080901505 | CRSA Logistics Ltd. | 887,012.70 | US$ | 975,713.97 | US$ |
| MSI China | Huizhou Zhurun Wiring Systems Co., Ltd. / Sumitomo Wiring Systems, Inc. | KC10700165 | TNJSMD070153 | TRINET | 520,240.00 | US$ | 572,264.00 | US$ |

3 of 3